| UNITED STATES DISTRICT COURT | For Online Publication Only |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------X
MICHAEL DEMAIO,

                Plaintiff,

                **MEMORANDUM & ORDER**
-against-                16-CV-5799(JMA)(GRB)

P.O. MARIO RESTIVO, et al.,

                Defendants.
------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Incarcerated *pro se* plaintiff, Michael DeMaio ("plaintiff"), brings this *in forma pauperis* action pursuant to 42 U.S.C. § 1983 ("Section 1983") against P.O. Mario Restivo, District Attorney of Ulster County, New York, and unidentified "John Doe" officers of the Highland State Trooper Police Baracks of Highland, New York (collectively, "defendants"). Plaintiff is currently incarcerated at the Eugene J. Grogan Correctional Facility located in Rockland County, New York. For the reasons that follow, this action is transferred to the United States District Court for the Northern District of New York.

      Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the events giving rise to plaintiff's claims are alleged to have occurred in Port Ewen, New York. Port Ewen is located in Ulster County and Ulster County is within the

Northern District of New York. *See* 28 U.S.C. § 112(a). Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the Northern District of New York.

In determining whether to transfer to another district where the action might have been brought, courts should consider: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, and (6) the relative means of the parties. *See New York Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Although a plaintiff's choice of forum generally should be disturbed only if the balance of factors weighs heavily in favor of transfer, that choice is accorded less deference where plaintiff does not reside in the chosen forum and the operative facts did not occur there. *See Iragorri v. United Technologies Corp.,* 274 F.3d 65, 72 (2d Cir. 2001).

In this case, based on the totality of circumstances, it is in the interest of justice to transfer this action under § 1404(a) to the United States District Court for the Northern District of New York. Specifically, there appears to be no connection whatsoever to the Eastern District of New York given that the events giving rise to plaintiff's claims stem from his arrest in the Northern District of New York and plaintiff is currently incarcerated at the Eugene J. Grogan Correctional Facility located in Rockland County, which is within the Southern District of New York. 28 U.S.C. § 112(b).

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York under Section 1404(a). The Court makes no determination with regard to plaintiff's *in forma pauperis* application—that motion is reserved for

the transferee court. The Clerk of the Court is further directed to mail a copy of this Order to the plaintiff and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

\_\_\_\_/s/ (JMA)_____
Joan M. Azrack, U.S.D.J.

Dated: May 4, 2017
Central Islip, NY

3